

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 14, 2022

<u>VIA ECF</u>
Hon. John P. Cronan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *O.F.C. v. Decker, et al.*, No. 22 Civ. 2255 (JPC)

Dear Judge Cronan:

    This Office represents the government in the above-referenced immigration habeas matter. The government's opposition in response to the habeas petition is due on April 18, 2022. I write respectfully, with the petitioner's consent, to request permission to file under seal a declaration regarding the petitioner's medical diagnoses and treatment, which also attaches his medical records from the detention facility. Consistent with this Court's Individual Rules, these documents will be filed under seal on ECF and electronically related to this letter motion. The Court previously granted the petitioner's request to file his sensitive medical records under seal. ECF No. 9. The medical declaration that the government requests permission to file under seal discusses O.F.C.'s medical records in detail. And the medical records exhibit to the declaration includes additional information beyond what the petitioner included as part of his sealed medical record filing. *See* ECF No. 11-5 (Exhibit E – O.F.C.'s Medical Record).

    The government respectfully submits that sealing is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), in light of the privacy interests of individuals in their medical records. *See, e.g.*, *Barnwell v. FCI Danbury*, No. 3:10-CV-01301 (DJS), 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (noting a rebuttable presumption of openness of court filings, but granting motion to seal in light of federal law's treatment of such records as confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191 (1996)). Courts in this District have permitted the sealing of medical records, even if specific details relating to the individual's health appear on the record. *See, e.g.*, *United States v. Needham*, 460 F. Supp. 3d 323, 324 n.1 (S.D.N.Y. 2020); *United States v. Estevez*, No. 18 Cr. 669 (JPO), 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020).

    I thank the Court for its consideration of this request.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney for the
                Southern District of New York

By:   *s/ Rebecca R. Friedman*
       REBECCA R. FRIEDMAN
       Assistant United States Attorney
       86 Chambers Street, 3rd floor
       New York, New York 10007
       Telephone: (212) 637-2614
       Facsimile: (212) 637-2686
       E-mail: rebecca.friedman@usdoj.gov

cc: Counsel of Record (via ECF)

The request to file additional medical records under seal is granted.

SO ORDERED.
Date: April 19, 2022
      New York, New York

JOHN P. CRONAN
United States District Judge